Mr. Justice Teacher
delivered the opinion of the court.
A rule was granted by the circuit court of Tippah county, requiring the sheriff of that county to show cause why a mandamus should not issue directing him, as sheriff of said county, to execute and deliver to Orlando Davis a deed for lot number five, in block number thirteen, in the town of Ripley, purchased under execution sale by said Davis. The sheriff returned for cause the circumstances — that several executions for costs, the amount of which was $130 92§, in’favor of the officers of the circuit courts of Pontotoc and Tishemingo counties, against the Mississippi Union Bank, had come to his- hands, and which he levied upon a house and lot in the town of Ripley; that in due time, this property was offered for sale under the executions for par funds, and purchased by -said Davis, being the highest bidder at the sale, for the sum of $1000 ; that shortly after the sale, said Davis offered the sheriff the amount due the said officers of court upon their executions in specie, and tendered him the remainder of the purchase-money in the paper issue of the Mississippi Union Bank; that the sheriff refused to take the payment of the purchase-money as tendered by the said Davis, or to execute and deliver him a deed of the property ; but, on the same day of the sale, and within the hours prescribed by law, again offered the property for sale, and sold it to some other persons, to whom he made conveyance, and who are now in possession of it. The circuit court of Tippah county discharged the rule, which judgment is claimed to be erroneous.
*119 Without looking into the question of the propriety of the remedy against the sheriff by mandamus, in a case like the present, the circumstances surrounding the transaction alone seem sufficiently to warrant the judgment of the circuit court in disobeying the rule. The statute (H. & H. 644, sec. 48,) makes it the duty of the sheriff, when lands and tenements are sold under execution by him, to execute to the purchaser necessary and proper deeds of conveyance of such lands and tenements, but the law also annexes, as a condition precedent to the performance of this duty, the condition that the purchaser- shall first make payment to the sheriff of the purchase-money. The statute (H. & H. 632, sec. 14,) has likewise provided that when, on any sale made under execution, the amount of the purchase-money shall exceed the debt or damages, interest and costs for which the execution issued, the sheriff shall pay such excess or surplus to the debtor. The reiterated decisions of this court have so adjudicated the law in regard to sales under execution, that the executions of the officers of the circuit courts of Pontotoc and Tishemingo counties could have been satisfied only by specie funds, that is to say, gold and silver. It follows, therefore, that the sheriff was compelled by law to sell the property seized under those executions for such funds. The purchase-money, consequently, could consist only of such funds. However, therefore, the law may control as between the sheriff and the Mississippi Union Bank, the debtor, there being an excess and surplus of purchase-money over the amount of damages, interest and costs in those executions, the sheriff could require the payment of the purchase-money in such funds before he could be compelled to execute and deliver the deed of conveyance.
Judgment affirmed.